**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951
E MAIL: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
RICHARD J. PULLEY

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.-S-05-368-FCD |
| ) | |
| PLAINTIFF, ) | STIPULATION AND ORDER |
| ) | TO CONTINUE STATUS CONFERENCE |
| v. ) | TO APRIL 30, 2007 |
| ) | |
| RICHARD J. PULLEY, ) | |
| ) | |
| ) | |
| DEFENDANT. ) | |
| _____) | |

Plaintiff United States of America, by its counsel, Assistant United States Attorney, Mr. Phillip A. Talbert, and defendant Richard J. Pulley, by his counsel James R. Greiner, hereby stipulate and agree that the status conference calendared for **Monday, March19, 2007, at 10:00 a.m.** before the Honorable District Court Judge, Frank C. Damrell, Jr., shall be continued to **Monday, April 30, 2007, at 10:00 a.m.**

The background of the case to date is as follows: On August 24, 2005, a complaint was filed naming the defendant, which was then sealed by a motion by the government. On August 26, 2005, the defendant appeared on the complaint and was temporarily detained pending a hearing. On August 31, 2005, a detention hearing was held and a $25,000.00 Vacarro Bond was signed, the defendant was given eight special conditions of release and was released.

1

1       On September 8, 2005, an Indictment was returned naming the defendant in one
2 count, an alleged violation of Title 18 U.S.C. section 922(g)(1), Felon in Possession of
3 a firearm.

4       On September 12, 2005, the defendant was arraigned on the indictment, a not
5 guilty plea was entered and a jury trial demanded. The case was continued to October
6 24, 2005, with an exclusion of time under local T-2 under the Speedy Trial Act.

7       On October 24, 2005, the case was continued to December 5, 2005, and time
8 was excluded again under local T-4 under the Speedy Trial Act.

9       On December 2, 2005, a stipulation and order was signed continuing the case to
10 January 23, 2006, "to allow further investigation based on the documents and audio
11 recordings produced in discovery". Time under the Speedy Trial Act was excluded
12 under Local Code T-4 and Title 18 U.S.C. section (h)(8)(B)(iv).

13       On January 18, 2006, a stipulation and order was signed continuing the case to
14 February 13, 2006, because "defense was not available on January 23, 2006, and
15 because government counsel anticipates he will soon receive a fingerprint examination
16 report that he will be able to provide to the defense in discovery". Time under the
17 Speedy Trial Act was excluded under Local Code T-4 and Title 18 U.S.C. section
18 (h)(8)(B)(iv).

19       On February 13, 2006, a status conference was held and the case was continued
20 to March 20, 2006. Time under the Speedy Trial Act was excluded under Local Code
21 T-4 and Title 18 U.S.C. section (h)(8)(B)(iv).

22       On March 15, 2006, a stipulation and order was signed continuing the case to
23 April 24, 2006, because "government counsel anticipates he will soon receive a
24 fingerprint examination report in the case that he will be able to provide to defense in
25 discovery in addition to the report recently provided, since additional print
26 comparisons are being attempted, and defense counsel will need to review the
27 anticipated report and discuss it with defendant". Time under the Speedy Trial Act
28

1 was excluded under Local Code T-4 and Title 18 U.S.C. section (h)(8)(B)(iv).

2 On April 24, 2006, a status conference was held and the case was continued to
3 June 12, 2006, with time under the Speedy Trial Act was excluded under Local Code
4 T-4 and Title 18 U.S.C. section (h)(8)(B)(iv).

5 Prior to the next court date, June 12, 2006, the defendant was appointed new
6 counsel due to the untimely death of defendant's first counsel, Mr. Kevin Clymo.

7 On June 9, 2006, a stipulation and order was signed continuing the case to July
8 17, 2006, to allow new counsel time to review the discovery. Time under the Speedy
9 Trial Act was excluded under Local Code T-4 and Title 18 U.S.C. section
10 (h)(8)(B)(iv).

11 On July 12, 2006, defendant was appointed his third counsel, Mr. Steve Bauer.

12 On July 17, 2006, a status conference was held and the case was continued to
13 August 21, 2006. Time under the Speedy Trial Act was excluded under Local Code T-
14 4 and Title 18 U.S.C. section (h)(8)(B)(iv).

15 On August 21, 2006, a status conference was held and the case was continued
16 to September 25, 2006. Time under the Speedy Trial Act was excluded under Local
17 Code T-4 and Title 18 U.S.C. section (h)(8)(B)(iv).

18 On September 25, 2006, a status conference was held and the case was
19 continued to October 23, 2006. Time under the Speedy Trial Act was excluded under
20 Local Code T-4 and Title 18 U.S.C. section (h)(8)(B)(iv).

21 On October 20, 2006, a stipulation and order was signed continuing the case to
22 July 17, 2006 to allow defendant's third counsel time to review "the substantial
23 written discovery and numerous CD's pertaining to surveillance and a cooperating
24 witness. The parties agree to this continuance to complete the discovery process,
25 explore and identify potential pretrial motions and discuss possible resolution". Time
26 under the Speedy Trial Act was excluded under Local Code T-4 and Title 18 U.S.C.
27 section (h)(8)(B)(iv).

28

1  On November 27, 2006, a status conference was held and the case was
2  continued to December 11, 2006. Time under the Speedy Trial Act was excluded
3  under Local Code T-4 and Title 18 U.S.C. section (h)(8)(B)(iv).

4  On December 11, 2006, a status conference was held and the case was
5  continued to January 8, 2007. The court minutes indicate the court shall grant no
6  further continuances. If the matter does not resolve on January 8, 2007, the court shall
7  set trial. Time under the Speedy Trial Act was excluded under Local Code T-4 and
8  Title 18 U.S.C. section (h)(8)(B)(iv).

9  On January 8, 2007, the defendant requests new counsel. Present counsel is not
10 relieved and is to appear on January 22, 2007 at a status conference. Time under the
11 Speedy Trial Act was excluded under Local Code T-4 and Title 18 U.S.C. section
12 (h)(8)(B)(iv).

13 On January 22, 2007, an in camera hearing was held and a further status
14 conference was set for January 25, 2007. Present counsel is not relieved and is to
15 appear on January 25, 2007 at a status conference. Time under the Speedy Trial Act
16 was excluded under Local Code T-4 and Title 18 U.S.C. section (h)(8)(B)(iv).

17 On January 25, 2007, a status conference was held and due to a mis-
18 communication of the parties the defendant needs more time to discuss issues with the
19 defendant. The defendant requests new counsel. Present counsel is not relieved and is
20 to appear on February 26, 2007, at a status conference. Time under the Speedy Trial
21 Act was excluded under Local Code T-4 and Title 18 U.S.C. section (h)(8)(B)(iv).

22 On February 26, 2007, a status conference was held and defendant was
23 appointed his fourth counsel, James R. Greiner. A status conference was set for March
24 19, 2007. Time under the Speedy Trial Act was excluded under Local Code T-4 and
25 Title 18 U.S.C. section (h)(8)(B)(iv).

26

27 This is the defendant's fourth counsel in the case. Present counsel just this week

28

4

received from the defendant eleven CD discs that have been produced in discovery. In addition, to ensure that present counsel has the entire file (at least the entire file that the government has discovered to the defense to date) defense counsel has had conversations with the government about checking and providing certain documents that may have been misplaced from attorney one, two and three to present counsel. These documents (search warrants) are critical in evaluating potential pretrial motions and evaluating the case. Present counsel has met with the defendant to discuss the case. Further meetings with the defendant are scheduled and are necessary in learning historic facts about the case and developing the attorney client relationship so that an evaluation of the case can be made. All of the foregoing factual reasons allow time to be excluded under the Speedy Trial Act for counsel preparation. The defendant has been explained about the Speedy Trial Act and consents to the time waiver requested.

The parties stipulate and agree that time shall be excluded **through Monday, April 30, 2007, under Title 18 section 3161(h)(8)(B)(ii) and Local Code T**-4.

The Court's courtroom deputy was called to clear the date requested and the date is available on the Court's calendar.

Respectfully submitted,

McGREGOR W. SCOTT
UNITED STATES ATTORNEY

/s/ PHILLIP A. TALBERT by telephone authorization

DATED: 3-15-07   _____
PHILLIP A. TALBERT
ASSISTANT UNITED STATES ATTORNEY
ATTORNEYS FOR THE PLAINTIFF

/s/ JAMES R. GREINER
DATED: 3-15-07   _____
JAMES R. GREINER
ATTORNEY FOR DEFENDANT LOPEZ, JR.

# ORDER

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: MARCH 15, 2007.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE