IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                           No. 05-CR-0368 KJM

    vs.

RICHARD J. PULLEY,

        Defendant.                       <u>ORDER</u>

_____/

        Defendant Richard Pulley was indicted under the federal felon in possession of a firearm statute, which provides that it is illegal for a person

> who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). On August 4, 2011, Pulley filed motions to dismiss his indictment with prejudice (ECF 89, ECF 92), which he subsequently amended through a motion to dismiss filed on August 31, 2011. (ECF 112.) Pulley argues that Section 922(g)(1) violates the Second Amendment and the Due Process and Equal Protection clauses of the Fifth Amendment. (*Id.*)

/////

1

The government filed an opposition to Pulley's motion on April 4, 2012. (ECF 134.) The court heard oral argument on September 26, 2012.

I.     Second Amendment Claim

     Pulley argues that Section 922(g)(1) violates the Second Amendment because a permanent ban on all felons possessing firearms, regardless of the underlying crime committed, is overly broad and therefore invalid under the strict scrutiny standard he claims applies. (Mot. to Dismiss at 11-12, ECF 112.) This argument is unavailing. Pulley correctly asserts that the Supreme Court has determined that rational basis review is not applicable to laws affecting Second Amendment rights, in *District of Columbia v. Heller*, 554 U.S. 570, 628 n.27 (2008). (*See* ECF 112 at 7.) But the *Heller* Court did not at the same time decide that strict scrutiny is the correct standard of review. Rather, it declined to specify the standard it used to strike the ordinance being challenged in that case. *See id.* at 628-29 (noting ordinance under review would fail any level of scrutiny, including rational basis). The Court's subsequent decision in *McDonald v. City of Chicago,* __ U.S. __, 130 S.Ct. 3020 (2010)*,* has not altered the landscape with respect to the standard of review.

     Although Pulley cites to two Ninth Circuit decisions in the case of *Nordyke v. King*, 563 F.3d 439, 458 (9th Cir. 2009) and 644 F.3d 776 (9th Cir. 2011), for the proposition that strict scrutiny applies in the Second Amendment context (ECF 112 at 5, 10), the Ninth Circuit vacated the first opinion and granted rehearing en banc as to the second, the former action occurring before defendant's motion was filed. *See Nordyke v. King,* 611 F.3d 1015 (9th Cir. 2010); *Nordyke v. King,* 664 F.3d 774 (9th Cir. 2011). The Ninth Circuit's more recent opinion in that case declines to determine what level of review applies. *See Nordyke v. King*, 681 F.3d 1041, 1045 (9th Cir. 2012), *cert. denied*, *Nordyke v. King*, No. 12-275, 2013 WL 57120 (U.S. Jan. 7, 2013) (concluding plaintiff's Second Amendment challenge to ordinance prohibiting firearm possession on County property cannot succeed "no matter what form of scrutiny applies").

This court also need not determine the appropriate level of scrutiny, or whether Section 922(g)(1) passes rational basis review or strict scrutiny, because the Ninth Circuit has determined Section 922(g)(1) is not unconstitutional and that determination remains binding on this court. In *United States v. Vongxay,* 594 F.3d 1111, 1113-14 (9th Cir. 2010), *cert. denied*, __ U.S. __, 131 S. Ct. 294 (2010), a defendant was convicted under Section 922(g)(1) for possessing a semiautomatic handgun based on his previous convictions for three non-violent felonies, namely two car burglaries and drug possession. The court did not articulate a standard of review, but concluded that Section 922(g)(1) did not violate the Second Amendment in light of *Heller* or earlier precedent. *Id.* at 1115-17. *See also Enos v. Holder*, 855 F. Supp. 2d 1088, 1097-98 (E.D. Cal. 2012) (assembling cases from multiple circuits and districts that have found Section 922(g)(1) "presumptively lawful" post-*Heller*).

Morever, the *Vongxay* court rejected the additional arguments Pulley makes in support of his Second Amendment claim. In *Heller*, the Court stated that

> [l]ike most rights, the right secured by the Second Amendment is not unlimited . . . . Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . .

554 U.S. at 626. Pulley asserts that this passage is dicta and that Section 922(g)(1) contradicts the history of the Second Amendment, which was never intended to prevent felons from owning firearms. (ECF 112 at 13-19.) The *Vongxay* court explained, however, that nothing in *Heller*, including the quoted portion, demonstrates Section 922(g)(1) is unconstitutional, that the law is "consistent with the explicit purpose of the Second Amendment to maintain the security of a free State" and that most scholars agree that the history of the Second Amendment supports prohibiting criminals from having firearms. 594 F.3d at 1115, 1117-18 (internal citations and quotations omitted). In light of the established law on the question, Section 922(g)(1) does not violate the Second Amendment.

II. <u>Due Process Claim</u>

Pulley next argues that Section 922(g)(1) violates the Fifth Amendment's Equal Protection and Due Process[1] Clauses. The statute, he says, affects convicted felons unevenly depending on the state in which they were convicted, because each state defines felonies differently. (ECF 112 at 22.) He argues that under strict scrutiny, which he says is the appropriate standard under *Heller*, the statute could be more narrowly tailored to serve its intended purpose of preventing those who are a danger to society from owning guns. (*Id.* at 27-28). The *Vongxay* court rejected an identical argument, first explaining that whichever standard of review the Court in *Heller* "implicitly applied," it is not relevant to a challenge to Section 922(g)(1) because "the Supreme Court has purposefully differentiated the right to bear arms generally from the more limited right held by felons." *Vongxay*, 594 F.3d at 1118. The court in *Vongxay* then determined that an earlier Supreme Court case upholding Section 922(g)(1)'s predecessor provided the applicable law. *Id.* at 1118-19 (referencing the decision regarding then-current 18 U.S.C. § 1202(a)(1) in *Lewis v. United States*, 445 U.S. 55 (1980)). Following *Lewis*, the *Vongxay* court held that Section 922(g)(1) does not violate the Equal Protection clause. Pulley has not shown that Section 922(g)(1) is inconsistent with the Fifth Amendment.

The court DENIES with prejudice Pulley's motion to dismiss.

DATED: February 6, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court does not separately address Pulley's Due Process claim because he does not distinguish it from his Equal Protection claim in his brief.

4