UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>v.<br><br>RICHARD JAMES PULLEY, JR.,<br><br>    Movant. | No.  2:05-cr-0368 DAD AC 1<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a former federal prisoner proceeding pro se, seeks to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 307.[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is respondent's motion to dismiss. ECF No. 313. Petitioner has opposed the motion, and respondent has filed a reply. ECF Nos. 314, 315. Petitioner has also filed a motion for ruling on the petition. ECF No. 319.

For the reasons stated below, the undersigned grants the motion for a ruling and will recommend that respondent's motion to dismiss the petition be granted.

I.   BACKGROUND

On December 13, 2016, petitioner entered a guilty plea to one count of felon in possession

---

[1] All ECF numbers refer to the docket in the criminal case.

1

of a firearm. ECF No. 279. On March 21, 2017, the district judge imposed a sentence of time served with no term of supervised release to follow. ECF No. 285. Petitioner had served approximately 34 months in federal custody at the time of sentencing, which was more than the guideline range provided in the Presentence Report. ECF No. 284 (joint sentencing memorandum) at 1. The § 2255 petition, filed May 20, 2019, presents four claims: (1) violation of the Speedy Trial Act[2]; (2) ineffective assistance of appellate counsel; (3) ineffective assistance of trial counsel at arraignment and plea; and (4) ineffective assistance of trial counsel at the preliminary hearing, at trial, and at sentencing. See ECF No. 307 at 4-9, 13.

Respondent seeks dismissal of the petition for lack of jurisdiction, on grounds that movant was not in custody at the time it was filed. ECF No. 313 at 2-3.

II.   DISCUSSION

   A. Applicable Law

28 U.S.C. § 2255 states in relevant part:

> A prisoner **in custody** under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).

The statutory "in custody" requirement is jurisdictional. Black v. United States, 269 F.2d 38, 40 (9th Cir. 1959); Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). For purposes of this requirement, "custody" is not limited to physical incarceration but includes the restrictions on liberty imposed by an active term of probation or supervised release. See United States v. Reves, 774 F.3d 562, 564-65 (9th Cir. 2014). Although release from physical incarceration does not moot a petition that was filed while in custody, because the continuing collateral consequences of the conviction satisfy Article III case and controversy requirements, the collateral consequences

---

[2] See 18 U.S.C. § 3161.

of a fully expired sentence do not satisfy the statutory "in custody" requirement. Maleng v. Cook, 490 U.S. 488, 492 (1989).

B. Analysis

The record establishes beyond dispute that petitioner was sentenced in March 2017 to time served, with no term of supervised release. ECF Nos. 285 (minutes), 286 (judgment). Accordingly, petitioner was not "in custody" within the meaning of § 2255 when the petition was filed in 2019, or at any time following his release from the custody of the U.S. Marshal. No United States Supreme Court or Ninth Circuit authority provides that the custody requirement is satisfied by any restraint on liberty other than incarceration, supervised release, or probation. See Reves, 774 F.3d at 564-65 (no jurisdiction to consider § 2255 petition filed the day after probation expired).

Petitioner argues that the collateral consequences of his conviction are sufficient to satisfy the "in custody" requirement. ECF No. 314. Petitioner confuses the threshold jurisdictional requirements of § 2255 with the collateral consequences doctrine that relates to mootness. It is clearly established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

Because petitioner was not in custody when he filed the instant petition, this court has no jurisdiction to consider it. See Reves, 774 F.3d at 564-65; Bailey, 599 F.3d at 978. Accordingly, the undersigned will recommend that respondent's motion to dismiss this matter be granted.

CONCLUSION

IT IS HEREBY ORDERED that petitioner's motion for ruling on the petition (ECF No. 319) is GRANTED insofar as a disposition is being recommended to the assigned district judge.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 313) be GRANTED, and
2. The Clerk of Court be directed to CLOSE the companion civil case No. 2:19-cv-0915 DAD AC P.

These findings and recommendations are submitted to the United States District Judge

3

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 29, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE