UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>RICHARD JAMES PULLEY, JR. ,<br><br>　　　　　Defendant-Movant. | No.  2:05-cr-00368-DAD-AC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS DUE TO LACK OF JURISDICTION<br><br>(Doc. Nos. 307, 313, 317, 319, 321) |

On December 13, 2016, movant James Pulley, Jr. entered a guilty plea to one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  (Doc. No. 279.)  On March 21, 2017, United States District Judge John A. Mendez sentenced movant to a term of imprisonment of time served with no term of supervised release to follow.  (Doc. Nos. 285, 286.)[1]  Thereafter, movant filed a notice of appeal (Doc. No. 289) and on August 31, 2018, the Ninth Circuit affirmed his conviction (Doc. No. 305).

On May 20, 2019, movant filed the pending § 2255 motion in which he asserted the following claims:  (1) violation of the Speedy Trial Act; (2) ineffective assistance of appellate

---

[1]  At the time of his sentencing it appears that movant had already served approximately 34 months in federal custody, which was in excess of the advisory sentencing guideline range according to the Presentence Report prepared by the Probation Office.  (*See* Doc. No. 284 at 1.)

1

counsel; (3) ineffective assistance of trial counsel at arraignment and plea; and (4) ineffective assistance of trial counsel at preliminary hearing, trial, and sentencing. (Doc. No. 307 at 4-9, 13.) On November 25, 2020, respondent moved to dismiss the § 2255 motion on the grounds that this court lacked jurisdiction to hear the motion because movant was not in custody on May 20, 2019 when he filed his motion. (Doc. No. 313.) Movant filed his opposition to the motion to dismiss on December 28, 2020, and respondent filed its reply on January 4, 2021. (Doc. Nos. 314, 315.)

On November 29, 2022, the assigned magistrate judge issued findings and recommendations recommending that movant's § 2255 motion be denied because he had fully served his entire time served with no term of supervised release to follow sentence by the time he filed his § 2255 motion and that the court therefore had no jurisdiction to consider it. (Doc. No. 321 at 4–5.)[2] Those findings and recommendations were served upon movant at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days after service of the findings and recommendations. (*Id.*) On December 19, 2022, movant filed his objections, which the undersigned has considered.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (a petitioner must be "in custody," which includes supervised release and probation, when a federal habeas petition is filed); *United States v. Reves*, 774 F.3d 562, 565 (9th Cir. 2014) (explaining that "[m]otions to vacate a sentence under 28 U.S.C. § 2255 are expressly available only to 'a prisoner in custody'" and "this issue is jurisdictional"). In his objections movant focuses solely upon his request that a certificate of appealability be issued. (Doc. No. 322.) Thus, the objections provide no basis upon which the pending findings and recommendations should be rejected.

Having concluded that the pending § 2255 motion must be denied in its entirety, the court also declines to issue a certificate of appealability. In this regard, a movant cannot appeal from

---

[2] At the same time the magistrate judge granted petitioner's motion for a ruling on his § 2255 motion. (Doc. Nos. 319; 321 at 3.)

2

1  the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of
2  appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  To obtain a certificate of
3  appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the
4  denial of a constitutional right, ... includ[ing] showing that reasonable jurists could debate
5  whether (or, for that matter, agree that) the [motion] should have been resolved in a different
6  manner or that the issues presented were 'adequate to deserve encouragement to proceed
7  further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.
8  880, 893 n.4 (1983)).

9  　　　　As noted, movant's objections focus solely upon his request that a certificate of
10 appealability be issued.  However, the objections cite no applicable authority in support of that
11 request.  Where, as here the court clearly lacks jurisdiction to consider the § 2255 motion,
12 reasonable jurists could not debate that conclusion.  Therefore, this court will decline to issue a
13 certificate of appealability.

14 　　　　For these reasons:

15 　　　　1.　　The findings and recommendations filed on November 29, 2022 (Doc. No. 321)
16 　　　　　　　are adopted in full;

17 　　　　2.　　Respondent's motion to dismiss movant's motion brought under 28 U.S.C. § 2255
18 　　　　　　　(Doc. No. 313) is granted;

19 　　　　3.　　Movant's motion to vacate, set aside or correct sentence pursuant to § 2255 (Doc.
20 　　　　　　　No. 307) is denied and dismissed based upon the court's lack of jurisdiction;

21 　　　　4.　　Movant's request for a ruling (Doc. No. 317) is denied as having been rendered
22 　　　　　　　moot by this order;

23 　　　　5.　　The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c);
24 　　　　　　　and

25 　　　　6.　　The Clerk of Court is directed to close this case.

26 　　　　IT IS SO ORDERED.

27 Dated:  **March 1, 2023**　　　　　　　　　　　　　_Dale A. Drozd_
28 　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE