UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RICHARD JAMES PULLEY, JR.,<br>Defendant-Movant. | Case No. 2:05-cr-00368-DAD<br><br><u>ORDER DENYING DEFENDANT-MOVANT'S MOTION TO WITHDRAW PLEA AND STRIKE PRIOR CONVICTIONS AND MOTIONS TO STAY FORFEITURE AND PRESERVE AND RETURN PROPERTY</u><br><br>(Doc. Nos. 324, 325, 326) |

Movant, a former federal prisoner proceeding *pro se*, has three motions pending before the court. On May 15, 2023, movant filed a motion to withdraw his previously entered plea in this case and to strike his prior conviction. (Doc. No. 324.) On September 16, 2025, movant filed what he characterized as an emergency motion for stay of forfeiture and to preserve property and a motion to return that property (Doc. Nos. 325, 326.)

On January 30, 2026, the court issued an order requiring the government to respond to those motions within 21 days and authorized movant to reply 14 days of the filing of any opposition by the government. (Doc. No. 327.) The government did not respond as directed[1] and on June 18, 2026, the court issued an order to show cause in writing within 14–days why the

---

[1] The court has not received any filing from movant since September 16, 2025.

pending motions should not be granted and provided that the filing of the oppositions within the timeframe provided would discharge the order to show cause. (Doc. No. 328.) On June 29, 2026, the government filed its oppositions to all three pending motions. (Doc. Nos. 329, 330.) No reply has been filed by movant. For the reasons explained below, all three of the pending motions will be denied.

**BACKGROUND**

On December 13, 2016, movant entered a guilty plea to one count of being a convicted felon in possession of a firearm. (Doc. No. 279.) On March 21, 2017, the then-assigned district judge sentenced movant to a term of time served with no term of supervised release to follow. (Doc. No. 285, 286.) Movant had already served approximately 34 months in federal custody at the time of his sentencing, which was more than the applicable sentencing guideline range as determined in the probation office's presentence report. (*See* Doc. No. 283 at 1.) Movant appealed his judgment of conviction and, on August 31, 2018, the Ninth Circuit affirmed the judgment. (Doc. No. 305.) On May 20, 2019, movant filed a motion pursuant to 28 U.S.C. § 2255 asserting four claims: ( 1) violation of the Speedy Trial Act; (2) ineffective assistance of appellate counsel; (3) ineffective assistance of trial counsel. (Doc. No. 307 at 4-9, 13.) On November 29, 2022, the assigned magistrate judge issued findings and recommendations recommending that movant's § 2255 motion be dismissed for lack of jurisdiction. (Doc. No. 321.) On March 2, 2023, the undersigned adopted those findings and recommendations and denied and dismissed the § 2255 motion. (Doc. No. 323.) Thereafter, movant filed the three motions now pending before the court.

**MOTION TO WITHDRAW PLEA AND STRIKE PRIOR CONVICTION**

Movant bases his motion to withdraw his guilty plea[2] upon his assertions that he received ineffective assistance in that: his counsel failed to negotiate an appropriate plea agreement that preserved his right to appeal on all grounds; the plea agreement was not explained to movant

---

[2] In his motion, movant refers to his "Nolo Cente [sic] plea." (Doc. No. 324 at 1.) Movant may be referring to a nolo contendere plea whereby a defendant does not admit his guilt but accepts the criminal conviction and punishment. In any event, movant's reference in this regard is misplaced since he entered a plea of guilty to the charge. (Doc. No. 294 at 11.)

correctly by his counsel; and his counsel failed to file a motion to strike movant's prior conviction. (Doc. No. 324.)

The government argues that the motion to withdraw plea is clearly untimely and should be denied on that basis. (Doc. No. 330 at 2.) The government also contends that even if construed as a petition for writ of error *coram nobis,* movant's application should be denied because he has failed to establish a fundamental error or any ineffective assistance of counsel and his application comes six years after his entry of plea and is untimely. (Doc. No. 330 at 2–7.)

The arguments advanced by the government in opposition to the motion to withdraw movant's December 13, 2016 guilty plea are persuasive. First, the court notes that in the pending motion movant presents essentially the same ineffective of counsel claims as were presented in movant's § 2255 motion which was denied due to the court's lack of jurisdiction. (Doc. No. 323.) Next, the court also lacks jurisdiction to entertain movant's post-sentence motion to withdraw his guilty plea since his only remedy under the Federal Rules of Criminal Procedure is through direct appeal or collateral attack. *See United States v. Baker*, 790 F.2d 1437, 1438 (9th Cir. 1986) ("[A] defendant now cannot make a postsentence motion to the trial court to withdraw his guilty plea, and, hence, the district court had no jurisdiction to entertain Baker's motion."); *United States v. Spaulding*, 802 F.3d 1110, 1118 (10th Cir. 2015) (collecting cases); *see also United States v. Sanchez-Cruz*, 20-cr-00263-PHX-MTL-1, 2020 WL 6781307, at *1 (D. Ariz. Nov. 18, 2020)

Finally, if construed as a petition for writ of error *coram nobis*, the pending motion fares no better. The extraordinary writ of *coram nobis* is available only when the following four requirements are satisfied: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III, and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987); *see also United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005). Here, movant has provided no explanation for his six–year delay in challenging his judgment of conviction by way of petition for a writ of error *coram nobis* based on the ineffective assistance of counsel claims set forth in the pending motion. As set forth above, *coram nobis* relief is only available if "valid reasons

exist for not attacking the conviction earlier" and petitioner bears the burden of justifying his delay. *Hirabayashi*, 828 F.2d at 604; *see also United States v. Kroytor*, 977 F.3d 957, 958–59 (9th Cir. 2020) (recognizing that while "[a] *coram nobis* petition is not subject to a specific limitations period . . . petitioners are entitled to this relief only if they can 'provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier[]'"); *United States v. Riedl*, 496 F.3d 1003, 1005–08 (9th Cir. 2007) (a petitioner who waited more than six years to file her *coram nobis* petition raising statutory vagueness and sufficiency of the evidence challenges failed to provide valid reasons for her delay in doing so based upon her incarceration, deportation to Austria, diminished mental capacity, and the time it took her to find competent counsel willing to assist her); *Kwan*, 407 F.3d at 1014 ("The law does not require [petitioner] to challenge his conviction at the earliest opportunity, it only requires [petitioner] to have sound reasons for not doing so."). Here, while movant did file an unsuccessful motion collaterally attacking his conviction under § 2255, he did not file the pending motion to withdraw his plea until six years after that plea was entered and has provided no explanation for that delay. Moreover, the court finds that in light of the Ninth Circuit's affirmance of his judgment of conviction on appeal, movant has also failed to show that the error he alleges in the pending motion was of the most fundamental character.

Accordingly, the motion to withdraw plea, even if construed as a petition for writ of error *coram nobis*, will be denied.

**MOTIONS TO STAY AND PRESERVE & RETURN PROPERTY[3]**

In his motion filed September 16, 2025, petitioner seeks an order staying forfeiture and preserving property seized from him by the FBI during the investigation of this criminal case over twenty years earlier, on August 25, 2005. (Doc. No. 325 at 1.) In another motion filed that same date movant seeks the return of that property or alternative relief. (Doc. No. 326.) Movant represents that on September 3, 2025, he received a letter from the FBI advising him to pick up

---

[3] The government describes the property in question as "including personal identification documents, photos, compact discs, bills, six cell phones, a disposable camera, a rolodex, a personal computer, check cards and other miscellaneous items." (Doc. No. 329.) This description appears to be consistent with the list attached to the FBI's letter to movant. (*Id*. at 7.)

his property within 30 days or face its "forfeiture."[4] (Doc. No. 325 at 1.) Movant claims that he filed a Federal Tort Claims form regarding the property and seeks an order from this court preserving the property while he seeks to pursue his administrative claim. (*Id*. at 1-2.)

The government agrees that on September 3, 2025, the FBI sent movant a letter via certified mail regarding his property seized during its investigation of this criminal case. (Doc. No. 329 at 1.) Attaching the letter to its opposition, the government point out that movant was informed in that letter that he or his representative could collect the property within 30 days from the FBI and that if he failed to do so, the property would be destroyed. (*Id*., Ex. 1.) To that letter was attached a FD-1119 Form which by completing movant could indicate that he understood what he was required to do in order to claim and retrieve his property with 30 days and acknowledge that if he failed to do so title in the property would vest in the government, or that he could indicate on the Form that he was knowingly and voluntarily waiving any right, title, and interest in the property. (*Id*.) It appears clear that movant did not complete and return the Form FD-1119. The government also notes that movant's Federal Tort Claims Act (FTCA) claim as to the property in question was denied on September 23, 2025. (*Id*., Ex. 2.) The government represents that as of the date of its filing of its opposition on June 29, 2026, movant had failed to make any effort to retrieve his property and, as a result, he had abandoned it and its destruction should be permitted. (*Id*. at 1–2.) The government also notes that as of that same filing date, the subject property has still not been destroyed.[5] Accordingly, the government argues the pending motions for a stay and return of property were unnecessary in light of the FBI making the property available for retrieval by movant but, in any event, should be denied. (*Id*.)

The court finds that movant is not entitled to the return of his property seized during the investigation of this case or to an order staying it's destruction and preserving that property pending further litigation of his FTCA claim. Movant implicitly concedes that he received the

---

[4] The FBI's letter does not refer to forfeiture but rather provides that if not retrieved by petitioner within the time provided title will vest in the United States. (Doc. No. 329, Ex. 1.)

[5] If this remains the case, nothing in this order prevents movant from making a true effort to retrieve his property from the FBI if they were willing to accommodate him.

government's September 3, 2025 letter and the attached FD-1119 Form and failed to take any action within the 30 days provided to claim and recover the property in question. Rather than to take legitimate steps to attempt to recover his personal property, movant filed an unsuccessful FTCA claim and then filed the unnecessary notions seeking a stay and an order for return of the property that the government had offered to make available to him for retrieval. Movant is entitled to no relief under these circumstances.

## CONCLUSION

For the reasons explained above:

1. Movant's motion to "withdraw plea, Corium nubus [sic] and to strike and/or dismiss prior convictions" (Doc. No. 324) is DENIED;
2. Movant's motion "to stay forfeiture and preserve property" (Doc. No. 325) is DENIED;
3. Movant's "for return of property and alternative relief" (Doc. No. 326) is DENIED; and
4. The Clerk of the Court is directed to again close this case.

IT IS SO ORDERED.

Dated: **July 16, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE